JAMES K. KAWAHITO (SBN 234851)
james.kawahito@isylaw.com
IAFFALDANO, SHAW & YOUNG LLP
601 South Figueroa Street, Suite 4450
Los Angeles, CA 90017
Telephone: (213) 415-1085
Facsimile: (213) 674-4389

Attorneys for Plaintiff

LEE J. EULGEN (*pending pro hac vice*)
leulgen@nge.com
IAN J. BLOCK (*pending pro hac vice*)
iblock@nge.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-3801
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROPER HOSPITALITY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PROPER GP LLC; PROPER CONSTRUCTION, LLC; AND DANIEL POURBABA, ALL D/B/A PROPER DEVELOPMENT, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

NEAL, GERBER &
EISENBERG LLP
ATTORNEYS AT LAW
CHICAGO

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES

Proper Hospitality, LLC, for its Complaint against Defendants, Proper GP LLC; Proper Construction, LLC; and Daniel Pourbaba, all of which are doing business as "Proper Development," alleges as follows:

## THE PARTIES

1.  Plaintiff Proper Hospitality, LLC ("Proper") is a limited liability company organized under the laws of Delaware. Proper maintains its principal place of business at 1437 7th Street, Suite 250, Santa Monica, California 90401.

2.  Defendant Proper GP LLC is, on information and belief, a limited liability company organized under the laws of California that maintains a place of business at 8271 Melrose Avenue, #207, Los Angeles, California 90046.

3.  Defendant Proper Construction, LLC is, on information and belief, a limited liability company organized under the laws of California that maintains a place of business at 8271 Melrose Avenue, #207, Los Angeles, California 90046.

4.  On information and belief, Defendant Daniel Pourbaba is an individual residing and doing business in Los Angeles, California. On information and belief, Defendant Pourbaba is the founder and CEO of Defendants Proper GP LLC and Proper Construction, LLC, and he is responsible for directing both of these Defendants' infringing activities set out in this Complaint.

5.  On information and belief, Defendants Proper GP LLC; Proper Construction, LLC; and Daniel Pourbaba are collectively doing business as "Proper Development." Unless specifically identified, Defendants Proper GP LLC; Proper Construction, LLC; and Daniel Pourbaba are referred to collectively herein as "Defendants."

## JURISDICTION AND VENUE

6.  This is an action arising in part under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and California statutory and common law.

Neal, Gerber &
Eisenberg LLP
Attorneys At Law
Chicago

- 2 -

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES

7. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) in that it involves an action arising under the Lanham Act. This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) in that Defendants reside in this judicial district and a substantial part of the activities giving rise to the claims alleged herein occurred in this District.

## NATURE OF THE CASE

9. This is an action for trademark infringement and unfair competition under federal law and California statutory and common law, which Proper brings to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its federally-registered PROPER name and mark. For many years, Proper has continuously used and extensively promoted its PROPER mark in connection with the provision of its well-known residential condominium, hotel, resort, temporary accommodation, bar, and restaurant services (the "Services"). In particular, Proper's Services include the development of residential properties.

10. As described more fully below, without Proper's authorization or consent and with full knowledge and willful disregard of Proper's prior rights in its federally-registered PROPER mark, Defendants began using the substantially identical PROPER DEVELOPMENT designation (the "Infringing Designation") in connection with property development services that are substantially similar to the Services with which Proper uses its federally-registered PROPER mark.

11. Through its conduct, Defendants have created circumstances whereby members of the public and members of the relevant trade are likely to be led to incorrectly believe that Defendants and their related services are authorized by,

NEAL, GERBER & EISENBERG LLP
ATTORNEYS AT LAW
CHICAGO

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

sponsored by, or affiliated with Proper, Proper's well-known PROPER mark, and the Services Proper provides under its PROPER mark.

12. Indeed, instances of actual confusion have already occurred in the short time since Defendants garnered publicity in March 2019 for their recent development. Copies of this publicity and other recent articles publicizing Defendants' developments are attached hereto as <u>Exhibit A</u>. Since March 2019, Proper has been contacted multiple times by potential consumers and others with whom Proper does business who mistakenly believed that Proper was behind Defendants' property developments.

13. When Proper learned of Defendants' unauthorized use of the Infringing Designation, Proper contacted Defendant Daniel Pourbaba to demand that Defendants cease use of the term PROPER or any other designation that is confusingly similar to Proper's PROPER mark in connection with Defendants' business.

14. Despite having given repeated verbal assurances that a rebrand would be forthcoming, Defendants have refused to sign any written agreement committing to such a rebrand or its date of completion, and the infringing "Proper Development" name remains in use as of the date of this filing. Proper accordingly brings this action to protect its valuable federally-registered PROPER mark, and to prevent substantial consumer confusion as well as the inevitable damages and irreparable harm Proper will suffer as a result of Defendants' actions.

## **COMMON ALLEGATIONS**

### *Proper's Services and Federally-Registered Mark*

15. Since 2013 and long prior to the acts of Defendants alleged herein, Proper has marketed and provided its well-known and uniquely-branded Services to consumers from around the world.

16. Proper is based in the greater Los Angeles area, and several of the residential and hotel properties it has developed and manages are located in this vicinity.

17. Proper has invested enormous time, effort, and resources in promoting and providing first-class residential and hotel development services, hotel accommodations, spa services, restaurant and bar services, residential condominium services, as well as other related goods and services, under and in connection with its PROPER mark. As a result of this extensive use and promotion of the PROPER mark in connection with the provision of the Services, the PROPER mark has developed considerable consumer recognition and has become known and recognized by the consuming public as identifying and distinguishing Proper and its Services. Given its positioning in the marketplace, the integrity of the PROPER mark is extremely valuable to Proper, and is crucial to the continued vitality and growth of its business.

18. Proper's PROPER hotels and residences have garnered tremendous media attention and critical acclaim in prominent publications such as Forbes, Vanity Fair, Eater, USA Today, Modern Luxury, the Los Angeles Times, Condé Nast Traveler, and Thrillist, to name just a few.

19. As a result of Proper's aforesaid continuous and extensive promotion and use of the PROPER mark in interstate commerce in connection with Proper's Services, as well as through Proper's sales success and reputation for quality, the Proper mark has developed considerable recognition. The Proper mark has thus acquired a further distinctiveness and secondary meaning signifying Proper, and Proper has built up and now owns considerable and valuable goodwill in and symbolized by the PROPER mark.

20. To further protect its substantial rights, Proper owns numerous subsisting U.S. federal trademark registrations covering its PROPER marks, including U.S. Reg. Nos. 5,205,225; 5,237,343; 5,329,914; 5,350,791; 5,365,194;

5,464,736; and 5,603,404. Copies of Proper's registration certificates and the U.S. Patent and Trademark Office's electronic records for these registrations reflecting the registrations' continued subsistence are attached hereto as <u>Exhibit B</u>. These registrations claim such services as "apartment, condominium and real estate management services" and "real estate development and construction of hotel property," among various other related services. Proper filed its applications for these registrations as early as September 2013, meaning that Proper's priority in its PROPER mark dates back to at least as early as that time.

21. Moreover, Proper's website has been publicly available under the PROPER name since at least 2015, at which time it featured Proper's promotion of its forthcoming building developments, including a residential building in Hollywood, California and a hotel in downtown Los Angeles. A printout of an archived capture of Proper's website from this time is attached hereto as <u>Exhibit C</u>.

22. Proper's current residential property development efforts include its Malibu Beach House located in the greater Los Angeles area, as well its Austin Proper Residences atop the Austin Proper Hotel in Austin, Texas. Printouts of Proper's website describing and promoting each of these residential development projects are attached hereto as <u>Exhibit D</u> and <u>Exhibit E</u>.

***Defendants' Infringement of the PROPER Mark***

23. Long after Proper commenced use of the Proper mark in connection with its Services and obtained federal registrations for the PROPER mark, and without Proper's authorization or consent, Defendants commenced use of the Infringing Designation to promote its real estate development services at multiple developments across the Los Angeles area.

24. Defendants' Infringing Designation PROPER DEVELOPMENT is virtually identical to Proper's registered PROPER mark. The sole difference between the two is Defendants' addition of the word "Development," which does

not serve to distinguish Defendants from Proper but instead is merely descriptive of Defendants' development services. Accordingly, the entirety of the distinctive aspect of Defendants' Infringing Designation – PROPER – is identical to Proper's PROPER mark.

25. Defendants also maintain a website promoting their services under the Infringing Designation at <www.properdevelopment.com>. Printouts of representative pages from that website are attached hereto as Exhibit F.

26. Defendants' unauthorized use of the Infringing Designation in connection with substantially identical services as Proper's PROPER-branded Services is likely to cause, and indeed already has caused, substantial consumer confusion.

27. Proper's counsel sent Defendant Daniel Pourbaba a demand letter on March 14, 2019 (the "Demand Letter") in an attempt to resolve this matter without involving the Court. The Demand Letter notified Mr. Pourbaba of Proper's prior use of, rights in, and federal registrations for, the PROPER mark in connection with the Services. The Demand Letter further warned that Defendants' use of the Infringing Designation infringes Proper's prior rights in the PROPER mark. A copy of the Demand Letter is attached hereto as Exhibit G.

28. In multiple telephone exchanges with Proper's counsel, Mr. Pourbaba provided assurances that Defendants would change their name to discontinue their use of the Infringing Designation or any other name or mark that includes "PROPER." Notwithstanding these verbal agreements, Defendants have refused to execute a written agreement memorializing their commitment to rebrand and providing a date by which such rebrand would be completed.

29. Despite being put on actual notice of Proper's senior rights in its PROPER mark and the instances of actual confusion that have occurred, Defendants continue their use, advertising, and other promotion of the Infringing Designation in connection with their business as of the date of this filing.

30. Defendants' unauthorized use of the Infringing Designation is likely to confuse members of the public in that it will lead them to mistakenly believe that Proper is the source of, has endorsed or approved, or is somehow legitimately associated with Defendants or their services, thereby injuring Proper's PROPER mark, business and goodwill. Importantly, as mentioned above, instances of actual confusion have already occurred. Because of Defendants' refusal to cease the conduct that has damaged and continues to damage Proper, Proper has been forced to bring this action to protect its invaluable rights in the PROPER mark and to redress the damage it has suffered and is likely to continue to suffer as a result of Defendants' conduct.

## COUNT I

### Federal Trademark Infringement

### (Section 32 of the Lanham Act: 15 U.S.C. § 1114)

31. Proper realleges and incorporates herein paragraphs 1 through 30 of this Complaint.

32. As described fully above, Proper owns numerous federal registrations for its valid and protectable PROPER mark.

33. Pursuant to 15 U.S.C. § 1072, Defendants had constructive knowledge of Proper's ownership of and rights in its federal PROPER registrations prior to Defendants' unauthorized use of the Infringing Designation for real estate development services.

34. Upon information and belief, Defendants also had actual knowledge of Proper's ownership of and rights in its federal PROPER registrations prior to Defendants' unauthorized use of the Infringing Designation.

35. Defendants also had actual knowledge of Proper's senior trademark rights and registrations in its PROPER mark since at least as early as March 2019, as a result of the Demand Letter that Proper's counsel sent Defendants at that time.

36. Defendants thus have deliberately and willfully used the PROPER mark to trade upon the widespread goodwill and reputation established by Proper under the PROPER mark and to pass their services off as those of Proper's.

37. Proper has not consented to, and in fact has vehemently objected to, Defendants' use of the Infringing Designation in connection with the promotion of Defendants' services.

38. Defendants' unauthorized use of the Infringing Designation in connection with its services is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Proper, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39. Defendants' unauthorized conduct also has deprived, and will continue to deprive, Proper of the ability to control the consumer perception of its Services marketed and provided under and in connection with the PROPER mark, placing the valuable reputation and goodwill of Proper in the hands of Defendants, over which Proper has no control.

40. The intentional nature of Defendants' conduct renders this an exceptional case under 15 U.S.C. § 1117(a).

41. As a result of Defendants' conduct, Proper has suffered substantial damage and irreparable harm constituting an injury for which Proper has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, Proper will continue to suffer irreparable harm.

## COUNT II
### Federal Unfair Competition
(Section 43(a) of the Lanham Act: 15 U.S.C. § 1125(a))

42. Proper realleges and incorporates herein paragraphs 1 through 41 of this Complaint.

43. As set forth above, Proper has owned a valid and protectable interest in its Proper since long before the acts of Defendants complained of herein.

44. Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with Proper, and as to the origin, sponsorship or approval of Defendants and their services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

45. Defendants have deliberately and willfully used the PROPER mark to trade on Proper's long-standing and hard-earned goodwill in the PROPER mark and the reputation established by Proper, as well as to confuse consumers as to the origin and sponsorship of Defendants' services.

46. Defendants' unauthorized use of Infringing Designation has also deprived and will continue to deprive Proper of the ability to control the consumer perception of its services marketed under the PROPER mark, placing the valuable reputation and goodwill of Proper in the hands of Defendants, over which Proper has no control.

47. Defendants' willful conduct and reckless lack of concern for the confusion caused by their acts renders this case exceptional under 15 U.S.C. § 1117(a).

48. As a result of Defendants' conduct, Proper has suffered substantial damage and irreparable harm constituting an injury for which Proper has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, Proper will continue to suffer irreparable harm.

## COUNT III

**California Unfair Business Practices and Unfair Competition Act**

**(CA Bus. & Prof. Code §§ 17200 *et seq.*)**

49. Proper realleges and incorporates herein paragraphs 1 through 48 of this Complaint.

50. Defendants' actions complained of herein constitute unfair competition in violation of CA Bus. & Prof. Code §§ 17200 *et seq.* in that they are likely to cause members of the general public in this State to be deceived that Defendants' services are somehow affiliated, connected, or associated with, or endorsed by, Proper and its Services. Defendants' actions also constitute unfair misappropriation of the consumer recognition and goodwill associated with Proper.

51. Accordingly, Defendants' actions constitute an unlawful and unfair business act or practice as contemplated by CA Bus. & Prof. Code § 17200 *et seq.*

52. As a result of Defendants' conduct, Proper has suffered substantial damage and irreparable harm constituting an injury for which it has no adequate remedy at law. Proper will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## COUNT IV

### Common Law Trademark Infringement and Unfair Competition

53. Proper realleges and incorporates herein paragraphs 1 through 52 of this Complaint.

54. Defendants' conduct constitutes common law trademark infringement and unfair competition in that such conduct: (a) is likely to cause members of the public and trade, and actual or potential customers of Proper to believe that Defendants and their services are in some way sponsored by, affiliated with, or otherwise connected to Proper and its Services, when in fact they are not; and (b) enables Defendants to trade on and deprive Proper of the benefit of the goodwill in the PROPER mark.

55. Defendants' acts described above constitute trademark infringement and unfair competition in violation of California common law, as the acts amount to an intentional misappropriation of the PROPER mark, as well as Proper's

reputation and commercial advantage. As a result of its wrongful actions, Defendants will be unjustly enriched.

56. As a result of Defendants' conduct, Proper has suffered substantial damage and irreparable harm constituting an injury for which Proper has no adequate remedy at law. Proper will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

### **PRAYER FOR RELIEF**

WHEREFORE, Proper prays that judgment be entered against Defendants and in Proper's favor, entry of an Order:

A. Adjudging and decreeing that that Defendants have willfully infringed Proper's PROPER mark pursuant to 15 U.S.C. §§ 1114 and 1125, have willfully engaged in deceptive trade practices and unfair competition in violation of CA Bus. & Prof. Code §§ 17200 *et seq.*, and have committed trademark infringement and unfair competition under California common law;

B. Preliminarily and permanently enjoining Defendants, their parents, subsidiaries, holding companies, licensees, owners, directors, officers, partners, assigns, related entities, affiliates, predecessors, successors, employees, representatives, trustees, receivers, agents, and any other persons or entities acting on behalf of Defendants or with Defendants' authority, from:

    (a) selling, offering for sale, holding for sale, advertising, or promoting any merchandise, goods, or services using the PROPER designation or any marks confusingly similar thereto; or

    (b) doing any other act or thing that is likely to induce the belief that Defendants' services are in some way connected with Proper's Services or its business.

C. Requiring Defendants reimburse Proper for all damages it has suffered due to Defendants' acts complained of herein, account for and pay over to Proper all profits derived by reason of their acts of infringement, deceptive trade practices and unfair competition, and remit to Proper exemplary and treble damages as provided for in 15 U.S.C. § 1117 and at common law;

D. Requiring Defendants to deliver to Proper for destruction any and all signage, business cards, flyers, coupons, websites, promotional and marketing collateral, and any other materials in Defendants' possession or under their control bearing the Infringing Designation and/or any other marks confusingly similar thereto;

E. Finding that this case constitutes an exceptional case and awarding Proper its reasonable attorneys' fees and disbursements, as well as the costs it has incurred in bringing this action, pursuant to 15 U.S.C. § 1117; and

F. Requiring that Proper be awarded such other and further relief as this Court may deem equitable.

Dated: July 17, 2020

JAMES K. KAWAHITO
IAFFALDANO, SHAW & YOUNG LLP

By: /s/ James K. Kawahito
James K. Kawahito
Attorney for Plaintiff
PROPER HOSPITALITY, LLC

## JURY DEMAND

Plaintiff Proper Hospitality, LLC hereby demands a trial by jury on all issues so triable.

Dated: July 17, 2020

JAMES K. KAWAHITO
IAFFALDANO, SHAW & YOUNG LLP


By: James K. Kawahito
James K. Kawahito
Attorney for Plaintiff
PROPER HOSPITALITY, LLC